**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

---

**No. 02-2448**

---

NARDOS T. AMSALU,

Petitioner,

versus

JOHN ASHCROFT, Attorney General of the United
States,

Respondent.

---

On Petition for Review of an Order of the Board of Immigration
Appeals. (A76-896-741)

---

Submitted: August 29, 2003          Decided: August 16, 2004

---

Before WILKINSON, WILLIAMS, and GREGORY, Circuit Judges.

---

Petition denied by unpublished per curiam opinion.

---

Hargwayne Gegziabhre, St. Paul, Minnesota, for Petitioner. Robert
D. McCallum, Jr., Assistant Attorney General, Civil Division,
Richard M. Evans, Assistant Director, David E. Dauenheimer, Office
of Immigration Litigation, UNITED STATES DEPARTMENT OF JUSTICE,
Washington, D.C., for Respondent.

---

Unpublished opinions are not binding precedent in this circuit.
See Local Rule 36(c).

PER CURIAM:

Nardos T. Amsalu, a native and citizen of Ethiopia, petitions for review of an order of the Board of Immigration Appeals ("Board"). The order affirmed, without opinion, the immigration judge's order denying Amsalu's applications for asylum, withholding of removal, and protection under the Convention Against Torture. For the reasons discussed below, we deny the petition for review.

Amsalu first challenges the immigration judge's finding that she failed to demonstrate past persecution and a well-founded fear of future persecution. The decision to grant or deny asylum relief is conclusive "unless manifestly contrary to the law and an abuse of discretion." 8 U.S.C. § 1252(b)(4)(D) (2000). We find substantial evidence supports the immigration judge's conclusion that Amsalu failed to establish her eligibility for asylum. See 8 C.F.R. § 1208.13(a) (2003); Gonahasa v. INS, 181 F.3d 538, 541 (4th Cir. 1999). Because an asylum applicant must show a "clear probability" of persecution to be entitled to withholding of removal, a higher standard than an asylum claim's requirement of a well-founded fear of persecution, we also hold that the immigration judge properly denied Amsalu's petition for withholding of removal. See Blanco de Belbruno v. Ashcroft, 362 F.3d 272, 2004 WL 603501, at *12 (4th Cir. Mar. 29, 2004) (No. 02-2142). Finally, we hold that substantial evidence supports the immigration judge's

determination that Amsalu did not establish that it was more likely than not that she would be tortured if removed to Ethiopia, see 8 C.F.R. § 208.16(c)(2), and thus, that the immigration judge properly denied Amsalu's petition for protection under the Convention Against Torture.

Next, Amsalu claims that the Board abdicated its responsibility to provide a reasoned opinion in affirming the decision of the immigration judge without opinion, after review by a single Board member, in accordance with the procedure set out in 8 C.F.R. § 1003.1(a)(7) (2003). Amsalu claims the Board's summary affirmance procedures deny her due process under the Fifth Amendment. We have reviewed Amsalu's due process challenge to the Board's use of its streamlined procedures and find it meritless. See Blanco de Belbruno, 362 F.3d 272, 2004 WL 603501, at *6-*8.

Accordingly, we deny Amsalu's petition for review. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

PETITION DENIED